UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| VINCENT EVERETT, | } | |
| Plaintiff, | } } } | CIVIL ACTION FILE NO.: |
| vs. | } } } | _____ (SERVED WITH DISCOVERY) |
| UNITED STATES OF AMERICA, | } } } } | JURY DEMAND |
| Defendant. | } | |

## COMPLAINT

**COMES NOW**, Plaintiff, Vincent Everett (hereinafter "Plaintiff), by and through undersigned counsel, and files this Complaint in the above-entitled cause of action and respectfully shows unto this Honorable Court the following, to wit:

### PARTIES, JURISDICTION, AND VENUE

**1.**

Plaintiff is an individual and resident of Dekalb County, Georgia.

**2.**

Defendant, United States of America, is the proper defendant in this action pursuant to 28 U.S.C. §1346. The United States of America can be served through the United States Attorney Kurt R. Erskine at 75 Ted Turner Drive ,S.W., Suite 600, Atlanta, Georgia 30303 and the Attorney General Merrick B. Garland at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

**3.**

Jurisdiction and venue are proper in this Honorable Court.

### PROCEDURAL

**4.**

The Plaintiff pursuant to 28 U.S.C. § 2675 presented a timely and proper administrative claim to the United States Postal Service on January 7, 2021.

**5.**

The United States Postal Service has yet to present a denial to the Plaintiff's Standard Form 95, accordingly the Plaintiff is treating the lack of a formal denial within six months as a final denial of Plaintiff's claims.

**FACTS**

**6.**

This personal injury action arises from a motor vehicle accident which occurred on December 16, 2020, where Plaintiff, through no fault of his own, sustained property damage and bodily injuries caused by Defendant's United States Postal Service vehicle colliding into the rear portion of the Plaintiff's vehicle.

**7.**

The United States Postal Service vehicle involved in this collision was being driven by Leland Baker ('Baker'), a United States Postal Service employee, who was in the scope of his employment on December 16, 2020.

**8.**

The collision giving rise to this Complaint occurred on the I-20 entrance ramp from Moreland Ave.

**9.**

On December 16, 2020, Plaintiff's vehicle and Defendant's vehicle, operated by Baker, were travelling west on the I-20 entrance ramp from Moreland Ave.

10.

On December 16, 2020 Plaintiff's vehicle had just turned onto the I-20 entrance ramp when Defendant's vehicle, which was traveling behind Plaintiff's vehicle, was traveling too closely and struck Plaintiff's vehicle from behind.

11.

Atlanta Police Department Officer Paul Vendryes documented in the Georgia Uniform Motor Vehicle Accident Report, accident number 20351089500, that Plaintiff's vehicle (vehicle number 2) sustained functional damages to the rear of the vehicle on December 16, 2020.

12.

Atlanta Police Department Officer Paul Vendryes, the investigating police officer who investigated the accident, documented that Baker's actions in following too closely behind Plaintiff's vehicle was the proximate cause of the accident and issued a citation to Baker due to a violation of O.C.G.A. §40-6-49.

**NEGLIGENCE**

13.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through twelve (12) above and further alleges:

14.

Baker breached his duty of reasonable care by following too closely behind Plaintiff's vehicle which caused the subject accident on December 16, 2020.

15.

Baker's actions in following too closely behind Plaintiff's vehicle proximately Defendant's vehicle to strike the rear portion of Plaintiff's vehicle resulting in the motor vehicle accident giving

rise to this litigation.

## NEGLIGENCE PER SE

**16.**

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through fifteen (15) above and further alleges:

**17.**

The motor vehicle accident was caused by the negligence *per se* of Baker due to Baker's failure to keep a proper lookout by following too closely behind Plaintiff's vehicle and thereby crashing into the rear of same and issued a citation to Baker due to a violation of O.C.G.A. §40-6-49.

**18.**

Plaintiff's collision was caused by the *negligence per se* of Baker for the following acts and omissions of Defendant in 'following too closely' behind Plaintiff's vehicle in violation of O.C.G.A. § 40-6-49.

## DAMAGES

**19.**

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs one (1) through eighteen (18) above and further alleges:

**20.**

As a direct, sole, and proximate result of the carelessness, negligence, and negligence *per se* of Baker, Plaintiff suffered serious, painful, and permanent bodily injuries, great physical pain and mental anguish, severe emotional distress, and loss of the capacity for the enjoyment of life.

**21.**

As a direct, sole, and proximate result of the carelessness, negligence, and negligence *per se* of Baker, Plaintiff suffered serious, painful bodily injuries including back pain, leg pain, hip pain and neck pain.

**22.**

As a direct, sole, and proximate result of the negligence and negligence *per se* of Baker, Plaintiff has received medical care and treatment resulting in reasonable and customary medical bills of $7,976.54 to alleviate said injuries, pain, and suffering.

**23.**

As a direct, sole, and proximate result of the carelessness, negligence, and negligence *per se* of Baker, Plaintiff will incur future medical costs and expenses for additional medical care, treatment, and examination to alleviate Plaintiff's injuries, pain, and suffering.

**24.**

As a direct, sole, and proximate result of the carelessness, negligence, and negligence *per se* of Baker, Plaintiff has and will be precluded from engaging in normal activities and pursuits, including a loss of the ability to earn money and actual earnings.

**25.**

As a direct, sole, and proximate result Baker's negligence and negligence *per se* of Baker, Plaintiff has otherwise suffered pain and suffering and interruption of his daily living activities.

**25.**

Plaintiff's injuries, damages, and losses were, are, and will be due solely to and by reason of the carelessness, negligence, and negligence *per se* of Baker, without any negligence or want of due care on the Plaintiffs' part contributing thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests trial by jury before this Honorable Court and to enter judgment for the Plaintiff for the following relief:

(a) That Defendant be found liable for carelessness, negligence, and negligence *per se*.

(b) That Plaintiff be awarded an amount her special damages and general damages and any other damages the jury sees fit.

(c) That Plaintiff be awarded any and all additional relief that this Honorable Court deems just, proper, and reasonable in this action.

This 27th day of December, 2021.

    Respectfully Submitted,

    /s/ *Michael P. Carestia, Esq.*
    Georgia State Bar No. 109229
    **Attorney for Plaintiff**
    The Law Office of Michael P. Carestia, LLC
    3060 Peachtree Road, NW, Suite 1130
    Atlanta, GA  30326
    Telephone: (404) 844-2799
    Email: mpc@carestialaw.com